UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIAM M. WILSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-204 |
| | § | |
| FRANCES E. MCGINNIS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER DISMISSING CERTAIN CLAIMS AND RETAINING CASE

This civil rights action was filed by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's pro se complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Applying these standards, plaintiff's Eighth Amendment claims alleging deliberate indifference to his serious medical needs against defendants Francis E. McGinnis and Dr. Theresa A. Whitt are retained, and service shall be ordered on these defendants. Plaintiff's claims against Nurse Lori W. Hudson are dismissed for failure to state a claim and/or as abandoned by plaintiff as discussed herein.

## I. Jurisdiction.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Upon consent of the plaintiff (D.E. 8), this case was referred to the undersigned United States magistrate judge to conduct all further proceedings, including entry of final judgment (D.E. 10). See 28 U.S.C. § 636(c).

## II. Background facts and plaintiff's allegation.

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and is currently incarcerated at the McConnell Unit in Beeville, Texas. He filed this lawsuit on July 8, 2013, alleging that certain medical professionals working at the McConnell Unit had been deliberately indifferent to his serious medical needs because they had failed to diagnose properly or to treat timely his sleepwalking episodes. He named three defendants: (1) Dr. Francis E. McGinnis; (2) Dr. Theresa A. Whitt; and (3) Nurse Lori W. Hudson.[1]

---

[1] Defendants are employed by the University of Texas Medical Branch – Correction Managed Care ("UTMB-CMC"). The TDCJ contracts with UTMB-CMC to provide medical care to TDCJ offenders.

A Spears[2] hearing was held on August 20, 2013, following which, plaintiff was given an opportunity to supplement his complaint.  On August 28, 2013, plaintiff filed his supplemental complaint.  (D.E. 9).   The following allegations were made in plaintiff's original complaint (D.E. 1), his supplement (D.E. 9), or at the hearing.

In December 2010, plaintiff fell from his upper bunk while sleeping, and sustained injuries to his face, knee, and ribs.  His cellmate observed the incident and thought plaintiff had suffered a seizure.  Plaintiff had recently started an antidepressant medication, Zoloft, and he wondered if the medication had caused him to fall.  Dr. Herrera treated plaintiff for his injuries and gave him a temporary low bunk pass.

On December 27, 2010, plaintiff reported to Dr. McGinnis, his mental health care provider, and told her about his sleep disturbances and the recent fall.  Thereafter, Dr. McGinnis changed his medication to Celexa.

Plaintiff continued to have episodes of nighttime activity, including walking, falling from his bunk, talking in his sleep, and nightmares.  He sent numerous sick call requests ("SCR") to medical requesting to be evaluated.

In May 2011, plaintiff's low bunk pass expired, so he sent an I-60 to medical to be evaluated for a permanent lower bunk pass.  Nurse Hudson extended the low bunk pass for an additional three months.

---

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); **Error! Main Document Only.**see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

Plaintiff continued to have problems with sleepwalking and falling. As a consequence, other offenders did not want to be housed with him because of his nighttime disturbances. In November 2011, his medication was changed to Prozac.

In January 2012, plaintiff reported to Dr. McGinnis and told her that his low bunk pass had expired and that he was afraid to go to sleep because of the nightmares, sleepwalking, and falling; however, she took no action to address his concerns. He continued to complain, and on May 18, 2012, Dr. McGinnis told plaintiff that he needed to get assistance from Dr. Whitt because it was a medical issue, not mental health.

On July 17, 2012, plaintiff fell from his bunk and cut his toe. He was treated for his injuries, but ne was not given a low punk pass. He filed grievances, but they were denied.

In October 2012, plaintiff wrote to the Practice Manager, Drew Stalinsky, and asked him to intercede on his behalf to get a diagnosis and permanent low bunk pass. Mr. Stalinsky replied that he could not do anything without a diagnosis from a medical provider. Plaintiff tried to explain in writing his prior attempts to get a diagnosis, and Mr. Stalinsky forwarded this information to Nurse Hudson.

On November 6, 2012, plaintiff met with Nurse Hudson requesting a diagnosis and permanent low bunk pass. Nurse Hudson stated she could not issue a lower bunk pass without doctor's orders. In December 2012, plaintiff sent an I-60 to Dr. McGinnis asking her to authorize the lower bunk pass and also asking for further evaluation of his more frequent sleepwalking episodes. In particular, plaintiff asked that he undergo a sleep study.

In March 2013, plaintiff was seen by Dr. McGinnis who noted plaintiff's elevated blood pressure and suicidal thoughts.

On April 15, 2013, plaintiff fell from his upper buck rupturing blood vessels in his left knee, which produced a large hematoma over his left knee cap. Plaintiff complained of pain and limited motion, and he was given crutches to ambulate.

On April 26, 2013, plaintiff returned to the infirmary for follow-up care. At this time, Dr. Whitt noted that plaintiff's medical records included several documented cases of sleep walking injuries. Dr. Whitt ordered a permanent bottom bunk assignment, a complete metabolic profile and a sleep study, and she prescribed Nortriptyline to address plaintiff's sleepwalking.

On April 29, 2013, plaintiff's Health Summary Classification Form was modified to reflect the lower bunk only assignment.

### III.  Discussion.

#### A.  Legal Standard.

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies. 42 U.S.C. § 1997e. The Supreme Court has held that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); accord Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set

of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. Id.

    **B.**    **Eleventh Amendment.**

Plaintiff has sued defendants in their official and individual capacities for money damages.

It is well established that the Eleventh Amendment bars a suit for money damages against a state or state agency. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996). An action against a state official in his or her official capacity is, in actuality, an action against the State itself, and is therefore barred by the Eleventh Amendment. Kentucky v. Graham, 473 U.S. 159, 166 (1985). The Fifth Circuit has extended the Eleventh Amendment immunity to TDCJ-CID officers and officials acting in their official capacities. See Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities); Augilar v. TDCJ, 160 F.3d 1052, 1054 (5th Cir. 1998) (same). Thus, to the extent plaintiff is suing defendants in their official capacities for money damages, those claims are barred by the Eleventh Amendment, and accordingly, they are dismissed.

    **C.**    **Statute of limitations.**

Plaintiff complains that, since December 2010, he has been suffering from a sleep walking condition and has required further testing and a permanent lower bunk pass, but that defendants ignored his serious medical needs.

Federal civil rights actions instituted in Texas, such as those brought pursuant to 42 U.S.C. § 1983, are deemed analogous to personal injury claims, and, therefore, the applicable limitations period is the two years fixed by Tex. Civ. Prac. & Rem. Code § 16.003(a). Accrual of a § 1983 claim is governed by federal law. A cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Gonzales v. Wyatt, 157 F.3d 1016, 1020 (5th Cir.1998). The district court may raise the raise the defense of limitations sua sponte, and dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations. Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).

Plaintiff filed his original complaint on July 8, 2013. (See D.E. 1). Thus, any claims that arose two years prior to the filing date, that is, before July 8, 2011, are barred by limitations. Accordingly, those claims arising prior to July 8, 2011 are dismissed with prejudiced as time barred.

### D. Deliberate indifference to serious medical needs.

Plaintiff contends that Dr. McGinnis, Dr. Whitt, and Nurse Hudson were deliberately indifferent to his serious medical needs.

The Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation omitted). A prison official violates this duty when by act or omission he is

deliberately indifferent to prison conditions which pose a substantial risk of serious harm. Id. at 834.

In order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege the official(s) acted with deliberate indifference to serious medical needs. Wilson v. Seiter, 501 U.S. 294, 303(1991); Estelle v. Gamble, 429 U.S. 97, 105 (1976); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Deliberate indifference encompasses more than mere negligence on the part of prison officials. Farmer, 511 U.S. at 837. It requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving the risk, must deliberately fail to act. Id. Furthermore, negligent medical care does not constitute a valid § 1983 claim. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). See also Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993) ("[i]t is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim"). As long as prison medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982). Finally, active treatment of a prisoner's serious medical condition does not constitute deliberate indifference, even if treatment is negligently administered. See Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999); Mendoza, 989 F.2d at 195; Varnado, 920 F.2d at 321. "Deliberate indifference is an "extremely high standard to meet." Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).

Taking plaintiff's allegations as true, plaintiff has alleged sufficient facts for purposes of §1915A screening to state Eighth Amendment claims against Dr. McGinnis and Dr. Whitt. "Facts underlying a claim of deliberate indifference must clearly evince the medical need in question and the alleged official dereliction." Johnson v. Treon, 759 F.2d 1236, 1238 (5th Cir. 1985). The legal conclusion of deliberate indifference "must rest on facts clearly evincing 'wanton' actions on the part of the defendants." Id. The Supreme Court has described "wanton" actions as those causing the unnecessary infliction of pain. Erickson v. Pardus, 551 U.S. 89, 90 (2007) (per curiam) (citation omitted). Plaintiff testified that both of these medical providers were aware of his sleepwalking episodes, as well as his documented injuries from those episodes, well before April 2013, but that his repeated complaints and requests for assistance were effectively ignored. Quite simply, it appears that plaintiff was given the "run around," and that each defendant passed him to the other, and that this delay not only caused plaintiff to suffer actual injuries, but increased anxiety and fear.

As to Nurse Hudson, as discussed at the evidentiary hearing, plaintiff admitted that Nurse Hudson did not have the authority to order a permanent bunk pass or a sleep study or medication to treat his sleepwalking. Indeed, in his supplemental complaint, plaintiff does not list Nurse Hudson as a defendant. (See D.E. 9 at 3). Thus it appears that plaintiff has abandoned his claims against this defendant and, even if he did not, he fails to state that she ignored his serious medical needs. He does not claim that she refused to see him or did not attempt to assist him within her authority; however, she simply told him that she was unable to provide the specific assistance he requested. Thus, he fails to

state a cognizable claim against Nurse Hudson, and his claims against this defendant are dismissed.

### IV. Conclusion.

For the reasons stated herein, plaintiff's claims against defendants in their official capacities are dismissed as barred by the Eleventh Amendment, and his claims arising prior to July 8, 2011 are dismissed as barred by limitations. Plaintiff's Eighth Amendment claims alleging deliberate indifference to his serious medical needs against Dr. Francis E. McGinnis and Dr. Theresa Whitt in their individual capacities are retained, and service shall be ordered on these defendants. Plaintiff's claims against Nurse Hudson are dismissed with prejudice for failure to state a claim upon which relief can be granted.

ORDERED this 20th day of September, 2013.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).