UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIAM M. WILSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-204 |
| | § | |
| FRANCES E. MCGINNIS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF EXPERT WITNESS AND SECOND MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated TDCJ-CID's McConnell Unit in Beeville, Texas.  He filed this lawsuit pursuant to 42 U.S.C. § 1983, complaining about the failure of medical personnel to diagnose and treat his sleep disorder and injuries related to sleepwalking (D.E. 1).  Pending are his motion for appointment of a medical expert and second motion for appointment of counsel (D.E. 29, 33).

*Appointment of Counsel*

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance.  Bounds v. Smith, 430 U.S. 817, 829 (1977).  There is, however, no constitutional right to appointment of counsel in civil rights cases.  Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir.

1982).  Further, <u>Bounds</u> did not create  a "free-standing right to a law library or legal assistance."  <u>Lewis v. Casey</u>, 116 S. Ct. 2174, 2180 (1996).  It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment.  28 U.S.C. § 1915(e)(1); <u>Cupit v. Jones</u>, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel.  <u>Jackson v. Dallas Police Department</u>, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing <u>Ulmer v. Chancellor</u>, 691 F.2d 209 (5th Cir. 1982)).  The first is the type and complexity of the case.  <u>Id.</u>  Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case.  Plaintiff's pleadings, as well as his testimony at the evidentiary hearing, demonstrate that he is reasonably intelligent, articulate, and able to describe the facts underlying his claims.  He appears, at this stage of the case, to be in a position to adequately investigate and present his case.  Plaintiff has included citations of authority, reflecting he is able to use the law library.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.  Examination of this factor is premature because no trial date has been scheduled.  Dispositive motions are not due until May 2, 2014.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel.  In addition, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case.  The Court has the authority to award

attorneys' fees to a prevailing plaintiff.  42 U.S.C. § 1988.  Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement.   Plaintiff's second motion for appointment of counsel (D.E. 33) is denied without prejudice at this time.  This order will be *sua sponte* reexamined as the case proceeds.

*Appointment of Expert*

Plaintiff also requests appointment of a medical expert to assist the jury in understanding the issues (D.E. 29).  Again, this motion is premature, as the case has not been scheduled for trial.   Moreover, the Plaintiff has cited no authority in support of his motion.  Even though he is proceeding *in forma pauperis,* the *in forma pauperis*  statute, 28 U.S.C. § 1915, does not provide for appointment of experts, and there are no public funds available for appointment of an expert.  *Pedraza v. Jones*, 72 F.3d 194, 196-97 (5th Cir. 1995).   The motion (D.E. 29) is denied without prejudice.

ORDERED this 10th day of March, 2014.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE