UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| WILLIAM M. WILSON, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-204 |
| | § | |
| FRANCES E. MCGINNIS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff William M. Wilson's § 1983 complaint. D.E. 1. On July 14, 2014, United States Magistrate Judge Janice Ellington issued her Memorandum and Recommendation (M&R) recommending that Plaintiff's claims be dismissed. D.E. 56. Plaintiff timely filed his objections on July 28, 2014. D.E. 58; D.E. 58-7. Plaintiff's objections are set out and discussed below.

First, Plaintiff alleges that the M&R failed to address his allegation that Defendants were deliberately indifferent to his health and safety by continuing to house him on an upper bunk bed after becoming aware that it posed an unreasonable risk to his health. D.E. 58, p. 2. Plaintiff insists that the Magistrate Judge "seems to have lost sight of his original claim and all [its] elements by reducing his claim to a single issue (quality and care)." *Id.* Ultimately, the sum and substance of Plaintiff's argument is that he disagreed with the medical treatment that he received.

As the Magistrate Judge discussed, the Plaintiff must show that Defendants were not only aware of his serious medical need[1] but that they also deliberately failed to act. D.E. 56, p. 18. In order to meet this threshold, Plaintiff "must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Tex. Dept. of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001) (citation and internal quotation omitted).

The Magistrate Judge properly addressed the issue of whether Defendants acted with deliberate indifference toward Plaintiff's serious medical needs. First, the Magistrate Judge found that Plaintiff's condition constituted a serious medical need. Second, in addressing the lack of deliberate indifference, the Magistrate Judge observed that Defendants took Plaintiff's complaints seriously and treated his condition through both medication and counseling. D.E. 56, p. 22-23.

The record indicates that Plaintiff was seen by Defendant Nurse Frances E. McGinnis on nine occasions from December of 2010 through March of 2013, and she reviewed his conditions, provided medication adjustments and counseling, ordered lab work, or encouraged him to seek medical assistance when necessary each time they met. D.E. 56, pp. 5-12; *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) ("[T]he decision whether to provide additional treatment is a classic example of a matter for medical judgment." (internal quotations and citation omitted)). The record also indicates

---

[1] "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006) (citing *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1187 (11th Cir. 1994)).

that Plaintiff was seen by Defendant Dr. Theresa Whitt on three occasions, evaluating Plaintiff's condition each time and ultimately putting him on medication that helped stop his sleepwalking disorder. D.E. 56, pp. 11-14.

Plaintiff alleges that Defendants were deliberately indifferent because they failed to address his sleepwalking episodes with the relief that he preferred—an assignment to a lower bunk bed. The case law is clear that a disagreement between an inmate and his physician as to whether his medical care was appropriate is not actionable unless there were exceptional circumstances. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) (citing *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991)). Moreover, negligent care does not constitute deliberate indifference. *E.g., Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

Thus, because Defendants provided medical attention to the Plaintiff, this Court finds no error in the Magistrate Judge's conclusion. Accordingly, Plaintiff's first objection is **OVERRULED**.

Second, Plaintiff argues that the M&R relied on evidence submitted by the Defendants that was "fraudulent, inaccurate and a blatant misrepresentation of the facts of this case." D.E. 58, p. 4. Plaintiff bases his argument on a July 26, 2011 psychiatric evaluation by Nurse McGinnis and her intake report stating her observations of the Plaintiff, her assessment that he fell from his bunk bed, and her plan to issue a lower bunk bed pass. D.E. 58, pp. 5-6; D.E. 56, p. 7-8. As Plaintiff correctly points out, Nurse McGinnis' report includes her notes as well as a verbatim entry from Dr. Herrera's intake report from December 27, 2010. D.E. 51-2, p. 4, D.E. 58-5, p. 2. The Magistrate Judge

interpreted Dr. Herrera's notes, diagnosis, and treatment as those of Nurse McGinnis. As a result, the M&R was incorrect in stating that Nurse McGinnis issued Plaintiff a lower bunk pass on July 26, 2011. In pointing out this fact, however, Plaintiff does not explain how it calls into question the ultimate conclusion that Nurse McGinnis was not acting with deliberate indifference toward his serious medical needs. In fact, Plaintiff admits that he visited with Nurse McGinnis on that day and that she was responsive to his recent nightmares by adjusting his medication. D.E. 58, pp. 5; D.E. 51-2, pp. 3-8. Thus, Plaintiff's objection that the Magistrate Judge attributed a different doctor's actions to Nurse McGinnis has no material effect on the M&R's conclusion. Plaintiff's second objection is **OVERRULED**.

Finally, Plaintiff objects to the M&R's use of Defendants' expert witness, Dr. Steven Bowers, because his affidavit misinterpreted certain details in the record. D.E. 58, pp. 7-8. Dr. Bowers' review of the record in its entirety led to his conclusion that the medical treatment provided by Defendants "was both appropriate and performed within the standard of care." D.E. 51-1, p. 5. Plaintiff has failed to demonstrate how the details he complains of materially affect Dr. Bowers' opinion. The Court finds that Plaintiff received sufficient care to defeat his § 1983 claim despite the objections raised. Therefore, Plaintiff's objection does not require rejection of the M&R's conclusion. Plaintiff's third objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions

of the Magistrate Judge's M&R to which objections were specifically directed, this Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge as modified above. Accordingly, Defendants' Motion for Summary Judgment (D.E. 50) is **GRANTED** and this action is **DISMISSED.** In the event that Plaintiff seeks a Certificate of Appealability, the request is **DENIED.**

ORDERED this 10th day of November, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE